# In the Iowa Supreme Court

No. 24–1019

Submitted February 11, 2025—Filed March 14, 2025

**Elizabeth Bright,**

Appellant,

vs.

**State of Iowa,**

Appellee.

Appeal from the Iowa District Court for Johnson County, Kevin McKeever, judge.

Plaintiff appeals the dismissal of her action under the Fraud in Assisted Reproduction Act. **Affirmed.**

Per curiam.

James P. Hayes, Karen A. Lorenzen, and Michael H. Biderman of Hayes Lorenzen Biderman Lawyers PLC, Iowa City, for appellant.

Brenna Bird, Attorney General; Eric H. Wessan, Solicitor General; William C. Admussen, Assistant Solicitor General; Christopher J. Deist, Assistant Attorney General; and Pope S. Yamada and Carolyn Russell Wallace of Phelan Tucker Law L.L.P., Iowa City, for appellee.

**Per Curiam.**

This case raises the same issue decided in *Miller v. State*, ___ N.W.3d ___ (Iowa 2025): Whether Iowa Code chapter 714I, the Fraud in Assisted Reproduction Act (FARA), enacted in 2022, applies retrospectively. We held that it does not. *Id.* at ___. Our decision in *Miller* controls the outcome of this case.

In the 1950s, Barbara Steinkraus and her husband, Warren Steinkraus, were struggling to conceive a child. The couple sought assistance from the Department of Obstetrics and Gynecology at the University of Iowa Hospitals and Clinics in Iowa City. They were seen by Dr. John H. Randall, a state employee and head of that department from 1952 to 1959, who suggested that the couple undergo fertility treatment. The treatment was successful, and Barbara gave birth to a daughter named Elizabeth on July 13, 1958, in Mount Pleasant. Barbara and Warren Steinkraus as well as Dr. Randall have all passed away. Elizabeth married and took the last name of Bright.

Bright had always believed that her biological father was Warren Steinkraus. However, she discovered through DNA testing via Ancestory.com that Dr. John Randall is her actual biological father. Believing Dr. Randall had deceived her parents about the identity of the sperm used in their fertility treatment, Bright asserted a claim against the State in 2023 under the newly enacted FARA. The State Appeal Board denied her claim, and she filed this civil action against the State under FARA. The State moved to dismiss Bright's petition, arguing that FARA lacks language allowing it to apply to fertility fraud occurring before its enactment. Bright argued that the legislature intended FARA to apply retrospectively to the actions taken by healthcare professionals prior to the statute's enactment. The district court agreed with the State and dismissed the case. Bright appealed, and we retained the case.

Iowa Code section 4.5 (2024) provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." There is no express language in FARA that allows it to apply retrospectively. In *Miller,* we held that FARA does not apply retroactively to fraud that occurred before its enactment. ___ N.W.3d at ___.

Because Dr. Randall's actions occurred before FARA's enactment, FARA is inapplicable. Applying *Miller,* we affirm the district court's judgment dismissing the case with prejudice.

**Affirmed.**

This opinion shall not be published.